# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 1, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145773

ESTATE OF BARBARA JOHNSON, by
JOEDEANNA JOHNSON, Successor
Personal Representative,
            Plaintiff-Appellee,

v

ROBERT F. KOWALSKI, M.D.,
            Defendant-Appellant,
and

TRINITY HEALTH-MICHIGAN d/b/a MERCY
HOSPITAL CADILLAC, FOUR SEASONS
EMERGENCY ASSOCIATES, L.L.C., and
MUNSON MEDICAL CENTER,
            Defendants.

SC: 145773
COA: 297066
Wexford CC: 07-020602-NH

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral argument of the parties having been considered by the Court, we REVERSE in part the judgment of the Court of Appeals and REINSTATE the March 2, 2010 judgment of the Wexford Circuit Court. The Court of Appeals erred in holding that the trial court abused its discretion in excluding from evidence correspondence between counsel for the plaintiff and the claims representative for Dr. Urse's liability insurer. The trial court reasonably found that there was no evidence that Dr. Urse was aware of the correspondence, or that by executing the affidavit he was intending to confirm, or respond to, the facts of the case as understood by the plaintiff's counsel. The correspondence at issue was not admissible under MRE 104(b) because the plaintiff failed to offer evidence of a condition of fact that would permit the introduction of the conditional evidence. Specifically, the correspondence was properly excluded under MRE 104(b) based on the plaintiff's failure to establish, as a factual condition precedent to admissibility, that Dr. Urse was aware of the correspondence. As such, the trial court did not abuse its discretion in failing to admit the correspondence into evidence.

In light of our holding, we also VACATE that portion of the Court of Appeals judgment holding that the trial court abused its discretion in not admitting Dr. Urse's affidavit. Given that the trial court did not abuse its discretion in refusing to admit the correspondence, the Court of Appeals correctly concluded that any error in not admitting the affidavit was harmless because the trial court allowed the contents of the affidavit into evidence, allowed the plaintiff's counsel to discuss its contents during closing argument, and instructed the jury to consider whether the affidavit contradicted Dr. Urse's testimony.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 1, 2014

Clerk

t0325